UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 07-48-C**

**PUBLISHERS PRESS, INC.,**                                                           **PLAINTIFF,**

**V.**           **MEMORANDUM OPINION AND ORDER**

**TECHNOLOGY FUNDING, INC.,**                                   **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion for summary judgment (DE 22). The court, having reviewed the record and being sufficiently advised, will deny the motion.

**I. Factual Background**

The plaintiff, Publishers Press, Inc. ("Publishers"), is moving for summary judgment against the defendant, Technology Funding, Inc. ("Tech Funding"). Publishers brought this action to collect payments on an account that is in default; the charges to the account were for Publishers' services in printing two magazines.

Publishers agreed to publish the magazines *Dakota Magazine* and *Small Caliber News* on credit and claims that it set up this agreement with Tech Funding. Tech Funding is related to, but separate from, various other legal entities, including Dakota Arms, Inc. ("Dakota Arms"). According to Tech Funding, Dakota Arms was the entity that set up the relationship with Publishers. Tech Funding asserts that

1

one of its affiliates contracted with Dakota Arms to perform administrative services in relation to the publication of the magazines. This would mean that the affiliate was acting on behalf of Dakota Arms when it communicated with Publishers. The statement of account from Publishers shows past-due charges for the publication of *Dakota Magazine*. Publishers alleges that Tech Funding is liable for the remaining payments due on the account, while Tech Funding claims that Dakota Arms is the only entity obligated to pay the debt.

## II. Summary Judgment Standard

Summary judgment is appropriate only when there are no genuine issues of material fact in dispute and the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party's burden can be satisfied by demonstrating that there is an absence of evidence to support the non-moving party's case. *Id*. at 324-25. To survive summary judgment, the non-moving party must come forward with evidence on which the jury could reasonably find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The non-moving party must present more than a mere scintilla of evidence to defeat a motion for summary judgment. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989); Fed. R. Civ. P. 56(e). The court must view all of the evidence in the light most favorable to the party opposing summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. Legal Analysis

For purposes of summary judgment, the court views the facts in the light most favorable to the non-moving party. The plaintiff in this matter is not entitled to summary judgment because material facts are in dispute, including but not limited to the following factual disagreements.

The plaintiff alleges that Julie Anne Overton executed the credit application with Publishers on behalf of Tech Funding, and this argument is based on its contention that she was an employee of Tech Funding. The defendant counters that Dakota Arms contracted for Ms. Overton's services and reimbursed Tech Funding her salary for the work she did with Publishers on behalf of Dakota Arms.

Publishers claims that it extended the credit to Tech Funding, that Tech Funding was its customer, and that Tech Funding paid the invoices it sent to Tech Funding. In contrast, Tech Funding claims that the orders were submitted by Dakota Arms. Tech Funding additionally contends that the invoices were paid through an inter-company clearing account administered by Tech Funding, and that Dakota Arms reimbursed the account for those payments.

Publishers states that it dealt almost entirely with employees of Tech Funding and did not interact with Dakota Arms until after the payments were in default. According to Tech Funding, Ms. Overton was not an employee of Tech Funding but rather of a different affiliated entity, and further that she was acting as a contracted employee for Dakota Arms when she dealt with Publishers. Tech

Funding also states that a balance sheet from Dakota Arms was provided to Publishers shortly after the credit application was submitted and that Publishers was thus aware of the financial status of Dakota Arms at the time it extended the credit for the publication of the magazines.

Because the parties dispute various facts that are material to the resolution of the matter, the plaintiff is not entitled to summary judgment. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (DE 22) is **DENIED**.

Signed on January 10, 2008

**Jennifer B. Coffman, Judge**
**United States District Court**