UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE

FILED

AUG 2 0 2008

BY JEFFREY A. APPERSON, CLERK
DEPUTY CLERK

| | | |
|---|---|---|
| PUBLISHERS PRESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-48-ART |
| | ) | |
| v. | ) | |
| | ) | |
| TECHNOLOGY FUNDING, INC., | ) | **JURY INSTRUCTIONS** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Now that you have heard all of the evidence, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case. It is your duty as jurors to follow the law as I shall state it to you, and to the facts as you shall find them from the evidence. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

These instructions will be in four parts: first, some general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the plaintiff has proved his case; third, some general rules that should govern your deliberations; and lastly, several verdict forms consisting of separate interrogatories which must be answered by you during your deliberations. A copy of these instructions will be available for you in the jury room.

## PART I - GENERAL RULES CONCERNING JURORS' DUTIES

## INSTRUCTION NO. 1

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case, you must not be swayed by bias, prejudice, or favor as to any party. Our system of law does not permit jurors to be governed by prejudice, sympathy, or public opinion. Both parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

**INSTRUCTION NO. 2**

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence that I have admitted in the case. The evidence from which you are to decide what the facts are consists of: (1) the sworn testimony of the witnesses, here in Court or by deposition, both on direct and cross examination, regardless of whom called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the parties have agreed or stipulated to or that have been judicially noticed. Nothing else is evidence.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. Testimony that I instructed you to disregard is not evidence. Nor is anything you may have seen or heard when the Court was not in session evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollections and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

3

## INSTRUCTION NO. 3

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**INSTRUCTION NO. 4**

Now, I have said that you must consider all of the evidence. That does not mean, however, that you must accept all of the evidence as true or accurate.

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witnesses, or by the manner in which the witness testifies, or by the character of the testimony given, or by the evidence to the contrary of the testimony given.

You should carefully scrutinize all of the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, and state of mind, and demeanor or manner while on the witness stand. Consider the witness' ability to observe the matters on which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent mis-recollection, like the failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each such witness such

5

weight, if any, as you may think it deserves.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a large number of witnesses to the contrary.

All of these are matters for you to consider in deciding the facts.

## INSTRUCTION NO. 5

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness has said or has done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

## INSTRUCTION NO. 6

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses–something the witness has seen, felt, touched, heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

8

**INSTRUCTION NO. 7**

In addition to the testimony given in this case and other items of evidence introduced, you may draw such "inferences" from the facts that are reasonable and seem justified in light of your experience. "Inferences" are deductions or conclusions that reason and common sense lead you to draw from the facts established by the evidence in the case.

## INSTRUCTION NO. 8

The burden is on the Plaintiff in a civil action to prove every essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely so than not so. This standard does not require proof to an absolute certainty, since such proof is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witness, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish an essential element of the Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

10

**PART II - RULES OF LAW**

**INSTRUCTION NO. 9**

You will find for Publishers Press, Inc. if you are satisfied by a preponderance of the evidence that: (1) either Publishers Press, Inc. or Technology Funding, Inc. offered to enter into a contract with the other party to provide printing services and that the other party accepted that offer; (2) Technology Funding, Inc. breached that contract; <u>and</u> (3) Publishers Press, Inc. suffered damages as a result of the breach.

Otherwise, you will find for Technology Funding, Inc.

11

**INSTRUCTION NO. 10**

As I instructed you in INSTRUCTION No. 9, Publishers Press, Inc. must show that Technology Funding, Inc. breached the contract.  To do so, Publishers Press, Inc. must prove that Technology Funding, Inc. did not fulfill its obligation under the parties' contract.

**INSTRUCTION NO. 11**

As I instructed you in INSTRUCTION No. 9, Publishers Press, Inc. must show that it suffered damages as a result of the breach of contract.  To do so, Publishers Press, Inc. must prove that it suffered damages that were the natural and direct or proximate result of the breach.

13

**INSTRUCTION NO. 12**

A contract may not be reformed if one party to the contract made a unilateral mistake as to the identity of the party with whom he or she was contracting.  If you find that Publishers Press, Inc. mistakenly believed that it was contracting with Technology Funding, Inc. (TFI) and TFI neither induced that mistake nor was aware of that mistake, then you must find for TFI.

**INSTRUCTION NO. 13**

An agent is not liable for acts performed within the scope of his agency after the principal is disclosed.  The principal is solely responsible for those acts occurring after disclosure. Therefore, Technology Funding, Inc. (TFI) is not liable to Publishers Press, Inc. (PPI) if: (1) TFI acted as the agent of Dakota Arms, Inc. when it ordered the Dakota and Small Caliber News magazines from PPI, and (2) TFI disclosed to PPI that it was acting as the agent of Dakota Arms, Inc.

## INSTRUCTION NO. 14

I will now instruct you on Plaintiff's claim for damages.  However, you should not interpret the fact that I have given you instructions concerning the issue of Plaintiff's damage claim as indicating that I believe that Plaintiff should, or should not, prevail in this case.  It is your task to determine whether Defendant is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable and that Plaintiff is entitled to recover money from Defendant.

Any damages you award must have a reasonable basis in the evidence.  Damages need not be mathematically exact but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guess work.

## PART III - GENERAL RULES CONCERNING JURY DELIBERATIONS

## INSTRUCTION NO. 15

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion if you are convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

## INSTRUCTION NO. 16

Upon retiring to the jury room, the first order of business should be the selection of a foreperson who will preside over your deliberations and speak for you here in Court.  Verdict forms have been prepared for your convenience.

The verdict forms contain a series of questions called "interrogatories."  You must answer them in writing, starting with the first question.  All jurors must agree to the answer to each question before moving on the next question.

You will take the verdict form to the jury room along with a copy of these instructions and when you have reached unanimous agreement as to your verdict, you will have the foreperson fill it in, date and sign it, and then return to the courtroom.

If during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing, signed by the foreperson, and pass the note to the Marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your verdict or tell anyone that you are split 6-2 or 5-3, or whatever your vote happens to be. That should stay secret until you are finished.

## INSTRUCTION NO. 17

Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading, or investigation about the case, such as getting on the Internet to find out more about the case, and do not visit any of the places that were mentioned during the trial.

Make your decision based only on the evidence that you saw and heard here in Court.

## INSTRUCTION NO. 18

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide for yourselves if the Plaintiff has proven its case.