UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| PUBLISHERS PRESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-48-ART |
| | ) | |
| v. | ) | |
| | ) | |
| TECHNOLOGY FUNDING, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

A jury trial was held before the undersigned on August 19, 2008, and August 20, 2008. The jury returned a verdict in favor of Plaintiff Publishers Press, Inc. (PPI) on its breach of contract claim and awarded it damages in the amount of $89,944.53. *See* R. 52. Following the verdict, PPI filed a Motion for Prejudgment Interest, R. 61, while Defendant Technology Funding, Inc. (TFI) filed a memorandum in support of its Rule 50 Motion for Judgment as a Matter of Law, R. 59. Also, TFI's counsel filed a Motion to Withdraw, R. 60.

**I.     Motion for Judgment as a Matter of Law**

TFI has moved under Fed. R. Civ. P. 50 for a judgment as a matter of law on the ground that Plaintiff failed to present a legally sufficient evidentiary basis to support its claim that PPI and TFI entered into a contract or that TFI breached the contract. R. 61. TFI raised a Rule 50(a) motion at the close of evidence on this basis, and the Court denied the motion because PPI had introduced sufficient evidence to demonstrate a meeting of the minds. TFI then renewed that motion after the jury's verdict, and the Court took that matter under consideration pending briefing by the parties. In its post-trial memorandum, TFI provides no citations to the trial transcript or case law in support of its argument and instead relies on the arguments made during

trial.[1]  *Id.*  For the same reason it denied TFI's Rule 50(a) motion at the close of evidence, the Court will deny TFI's renewed motion for judgment as a matter of law as well.

"Judgment as a matter of law will be granted only where 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" *Imwalle v. Reliance Med. Prods.*, 515 F.3d 531, 543 (6th Cir. 2008) (quoting Fed.R.Civ.P. 50(a)(1)).  In a diversity case, when a Rule 50 motion for judgment as a matter of law is based on a challenge to the sufficiency of the evidence, a court should apply the standard of review used by the courts of the state whose substantive law governs the action.  *See Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 360 (6th Cir. 2006).  Thus, because this is a diversity case and TFI's Rule 50 motion challenges the sufficiency of the evidence, the Court will apply the standard of review used by Kentucky courts, as its substantive law governs this action.  Under Kentucky law, a motion for a directed verdict—the same thing as a motion for judgment as a matter of law under Rule 50—should be granted only if "there is a complete absence of proof on a material issue or if no disputed issues of fact exist upon which reasonable minds could differ." *Bierman v. Klapheke*, 967 S.W.2d 16, 18–19 (Ky. 1998); *see also Adam v. J.B. Hunt Transp., Inc.*, 130 F.3d 219, 231 (6th Cir. 1997) (interpreting Kentucky law in the same manner).  In reviewing a motion for a directed verdict under Kentucky law, "the trial judge must draw all fair and reasonable inferences from the evidence in favor of the party opposing the motion." *Bierman*, 967 S.W.2d at 18.  Further, "[w]here there is conflicting evidence, it is the responsibility of the jury to determine and resolve such conflicts, as well as matters affecting the

---

[1] Though PPI cites Rule 50(a) in its memorandum, the Court assumes it is referring to Rule 50(b), which is applicable to post-verdict motions for judgment as a matter of law.

credibility of witnesses." *Id.* at 19.

Under Kentucky law, a contract may be formed as long there is sufficient evidence to demonstrate a meeting of the minds between the parties. *See George Pridemore & Son, Inc. v. Traylor Bros., Inc.*, 311 S.W.2d 396, 397 (Ky. 1958) ("If there is sufficient evidence to show a meeting of the minds . . . then a court or jury may be justified in finding a contract existed.); *see also Perkins v. Daugherty*, 722 S.W.2d 907, 909 (Ky. Ct. App. 1987) ("A contract implied in fact is a true contract, shown by evidence of facts and circumstances from which a meeting of minds concerning the mutual promises may be reasonably deduced."). Here, when drawing all reasonable inferences in favor of PPI, there was a legally sufficient basis to conclude that PPI and TFI had a meeting of the minds regarding the printing services PPI performed. For example, Defendant's Exhibit 11 demonstrates TFI accepting the credit terms quoted it by PPI for the printing services. Further, the parties' actions during their two-year business relationship also substantiate that a meeting of the minds occurred. PPI sent twenty-two invoices to TFI for the printing services it performed, and TFI made nineteen payments to PPI totaling approximately $269,621.07. *See* R. 62 at 2–3. As for TFI's breach, there was no dispute that PPI performed printing services for which it had not been paid. Given this evidence and for the reasons stated on the record when the Court denied TFI's Rule 50(a) motion at the close of the evidence, there was not a complete absence of proof as to whether a contract existed between PPI and TFI and that TFI breached that contract. Thus, TFI's Rule 50 motion will be denied.

**II.     Motion for Prejudgment Interest**

PPI seeks prejudgment interest in the amount of $20,348.79, as of October 20, 2008. *See* R. 61 at 3. This amount is based on the parties' agreement to prime plus two percent on overdue

amounts, *see id.* at Ex. 1, and includes $2,650.00 in service charges, which the parties agreed should be addressed along with PPI's claim for prejudgment interest, *see* R. 57 at 1. TFI has failed to respond to PPI's motion for prejudgment interest, and the Court treats this failure as a waiver of its opposition to the motion. *See Scott v. Tennessee*, No. 88-6095, 1989 WL 72470, at *2 (6th Cir. July 3, 1989) (unpublished) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); *see also Humphrey v. U.S. Att'y General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."). Further, even reaching the merits, PPI is entitled to the prejudgment interest based on the parties' agreement to prime plus two percent on overdue amounts, *see* R. 61, Ex. 1, and Kentucky law regarding prejudgment interest on liquidated damages (such as those here), *see Nucor Corp. v. Gen. Elec. Co.*, 812 S.W.2d 136, 141 (Ky. 1991) ("When the damages are "liquidated," prejudgment interest follows as a matter of course."); *Shanklin v. Townsend*, 434 S.W.2d 655, 656 (Ky. 1968) ("It is well established that interest is recoverable as a matter of law in an action upon a liquidated claim.").

### III.  Motion to Withdraw by TFI's Counsel

Tachau Meek PLC requests that the Court allow it to withdraw as counsel for TFI. *See* R. 60. PPI states that it does not object to the motion. *See* R. 63. Local Rule 83.6 allows an attorney to withdraw if the "attorney files a motion, certifies the motion was served on the client, makes a showing of good cause, and the Court consents to the withdrawal on whatever terms the Court chooses to impose." LR 83.6(b). Here, Tachau Meek certified that it served the motion on

TFI and that TFI consented to the withdrawal. R. 60 at 1. Tachau Meek contends that good causes exists based on the Kentucky Rules of Professional Conduct. *Id.* The Court agrees and concludes that Tachau Meek's withdrawal from representation of TFI is appropriate in this case.

**IV.     Conclusion**

Accordingly, it is **ORDERED** as follows:

(1)     Defendant's Motion for Judgment as a Matter of Law is **DENIED**.

(2)     Tachau Meek's Motion to Withdraw as Counsel for TFI, R. 60, is **GRANTED**. All future orders, pleadings, and other documents to be served on TFI shall be served on:

> Charles Kokesh
> Technology Funding, Inc.
> 100 South Polo Drive
> Santa Fe, New Mexico 87507

(3)     Plaintiff's Motion for Prejudgment Interest, R. 61, is **GRANTED**. Plaintiff shall provide an updated accounting of the amount of prejudgment interest by **November 20, 2008**. The updated accounting should show prejudgment interest through the date the accounting is filed.

(4)     The hearing scheduling for December 1, 2008, is **CANCELLED**.

This the 17th day of November, 2008.



Signed By:
*Amul R. Thapar*
United States District Judge